# EXHIBIT "A"
## Service Documents

# EXHIBIT "A"
## Service Documents

STEPHEN F. SISOLAK
*Governor*

**STATE OF NEVADA**

TERRY REYNOLDS
*Director*



BARBARA D. RICHARDSON
*Commissioner*

**DEPARTMENT OF BUSINESS AND INDUSTRY**

**DIVISION OF INSURANCE**

1818 East College Parkway, Suite 103
Carson City, NV 89706
(775) 687-0700 • Fax (7) 687-0787
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

April 23, 2020

Judd J. Balmer, Esq.
2625 N. Green Valley Pkwy., Ste. 225
Henderson, NV 89014

RE:     Barillas vs. CSAA Fire & Casualty Insurance Company
        District Court, Clark County, Nevada
        Case No. A-20-811271-C

Dear Mr. Balmer:

The Division received the service of process documents on April 16, 2020, regarding the above-entitled matter. Service has been completed on CSAA Fire & Casualty Insurance Company this date and enclosed are the following:

1.      A copy of our letter to CSAA Fire & Casualty Insurance Company dated April 23, 2020;
2.      A certified copy of the Proof of Service dated April 23, 2020; and
3.      Your receipt in the amount of $30.00.

Pursuant to *Nevada Revised Statutes (NRS)* 680A.260, 685A.200, and 685B.050, all documents after initial service of process may be served directly to the party.

If you have any questions regarding this service, please so advise.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By:     */s/ Susan Bell*
        Service of Process Clerk

Enclosures

c:      CSAA Fire & Casualty Insurance Company

STEPHEN F. SISOLAK
*Governor*

**STATE OF NEVADA**

TERRY REYNOLDS
*Director*



BARBARA D. RICHARDSON
*Commissioner*

**DEPARTMENT OF BUSINESS AND INDUSTRY**

**DIVISION OF INSURANCE**

1818 East College Parkway, Suite 103
Carson City, Nevada 89706
(775) 687-0700 • Fax (775) 687-0787
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

April 23, 2020

**VIA CERTIFIED MAIL**
**NO. 7019 1120 0000 7069 8449**

CSAA Fire & Casualty Insurance Company
c/o The Corporation Trust Company of Nevada
701 S. Carson St., Ste. 200
Carson City, NV 89701-5239

RE:    Barillas vs. CSAA Fire & Casualty Insurance Company
       District Court, Clark County, Nevada
       Case No. A-20-811271-C

Dear Sir or Madam:

  Enclosed please find the following documents: Summons and Complaint. These documents have been served upon the Commissioner of Insurance as your attorney for service of process on April 16, 2020.

  The appropriate action should be taken immediately, as you may only have 30 days from the date of this service to respond.

  If you have any questions regarding this service, please advise.

        Sincerely,

        BARBARA D. RICHARDSON
        Commissioner of Insurance

      By:    */s/ Susan Bell*
        Service of Process Clerk

Enclosures

c:    Judd J. Balmer, Esq.

2/27/2020 11:15 AM

1  SUMM
   **JUDD J. BALMER, ESQ.**
2  NEVADA BAR NO. 006212
   **JUDD J. BALMER, ESQ., LTD.**
3  *A Nevada Professional Corporation*
   2625 N. Green Valley Parkway, Suite 225
4  Henderson, Nevada 89014
   T: (702) 642-4200
5  F: (702) 642-4300
   E: jbalmer@balmerlawfirm.com
6  *Attorneys for Plaintiffs*

RECEIVED
APR 1 6 2020
DIVISION OF INSURANCE
STATE OF NEVADA

7
                    **DISTRICT COURT**
8                   **CLARK COUNTY, NEVADA**

9  LEOPOLDO BARILLAS and RUFINA
10 BARILLAS,                               )   Case No.: A-20-811271-C
                                           )
11              Plaintiff,                 )
        vs.                                )   Dept. No.: X
12                                         )
   CSAA FIRE & CASUALTY INSURANCE          )
13 COMPANY, an Indiana corporation, d/b/a  )
   AAA INSURANCE; DOES 1-100, inclusive,   )   **SUMMONS**
14 and ROE CORPORATIONS 1-100, inclusive,  )
                                           )
15              Defendants.                )
                                           )
16 _____)

17                         **SUMMONS**

18 **NOTICE!   YOU HAVE BEEN SUED.   THE COURT MAY DECIDE AGAINST YOU
   WITHOUT YOU BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ**
19 **THE INFORMATION BELOW.**

20 **TO THE DEFENDANT(S):** A Civil Complaint has been filed by the Plaintiff against you for
   the relief set forth in the Complaint.
21

22 **CSAA FIRE & CASUALTY INSURANCE COMPANY, an Indiana corporation, d/b/a AAA
   INSURANCE**

23     1.    If you intend to defend this lawsuit, within 20 days after this Summons is served
             on you, exclusive of the day of service, you must do the following:
24
             a.    File with the Clerk of this Court, whose address is shown below, a
25                 formal written response to the Complaint in accordance with the
                   rules of the Court, with the appropriate filing fee.
26
             b.    Serve a copy of your response upon the attorney whose name and address is
27                 shown below.

       2.    Unless you respond, your default will be entered upon application of the Plaintiff
28           and this Court may enter a judgment against you for the relief demanded in the

- 1 -

SUMMONS

Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.   If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.   The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the Complaint.

Issued at the direction of:

JUDD J. BALMER, ESQ., LTD.
*A Nevada Professional Corporation*

/s/ Judd J. Balmer

By:_____

JUDD J. BALMER, ESQ.
Nevada Bar No. 006212
2625 N. Green Valley Parkway, Suite 225
Henderson, Nevada 89014
T: (702) 642-4200
F: (702) 642-4300
E: jbalmer@balmerlawfirm.com
*Attorneys for Plaintiffs*

STEVEN D. GRIERSON
CLERK OF COURT

By_____ 2/27/2020
Deputy Clerk        Date
Marie Kramer

NOTE: When service is by publication, add a brief statement of the object of the action.   See Rules of Civil Procedure 4(b).

- 2 -

**SUMMONS**

Electronically Filed
2/27/2020 11:00 AM
Steven D. Grierson
CLERK OF THE COURT

COMP
**JUDD J. BALMER, ESQ.**
NEVADA BAR NO. 006212
**JUDD J. BALMER, ESQ., LTD.**
*A Nevada Professional Corporation*
2625 N. Green Valley Parkway, Suite 225
Henderson, Nevada 89014
T: (702) 642-4200
F: (702) 642-4300
E: jbalmer@balmerlawfirm.com
*Attorneys for Plaintiff*

CASE NO: A-20-811271-C
Department 10

JUDD J. BALMER, ESQ., LTD.
*A Nevada Professional Corporation*

# DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| LEOPOLDO BARILLAS and RUFINA BARILLAS, | Case No.: |
| Plaintiff, | Dept. No.: |
| vs. | |
| CSAA FIRE & CASUALTY INSURANCE COMPANY, an Indiana corporation, d/b/a AAA INSURANCE; DOES 1-100, inclusive, and ROE CORPORATIONS 1-100, inclusive, | **COMPLAINT** |
| Defendants. | |

COME NOW, Plaintiffs LEOPOLDO BARILLAS and RUFINA BARILLAS, by and through their attorney of record, JUDD J. BALMER, ESQ., LTD., a Nevada Professional Corporation, and hereby complains and alleges as follows:

I.

## GENERAL ALLEGATIONS

1. Plaintiffs own the home at 3409 Singer Lane, North Las Vegas, Nevada, 89084-2322, having purchased the home on March 23, 2006. Hereinafter, Plaintiffs' 3409 Singer Lane, North Las Vegas, Nevada, 89084-2322 is at times referred to as the subject "home."

2. At all times relevant herein, and on the date of covered water loss, November 2, 2019, Plaintiffs' insurer for 3409 Singer Lane was Defendant CSAA FIRE & CASUALTY INSURANCE COMPANY, an Indiana corporation, d/b/a AAA INSURANCE (hereinafter

- 1 -

1    referred to as Defendant "AAA"). AAA wrote for Plaintiffs a Homeowners Policy, policy
2    number HO52229721. At all times relevant herein, Plaintiffs were current on their insurance
3    premiums with AAA.

4  3. At all times relevant herein, AAA was and is a foreign corporation and was and is doing
5    business in Clark County, Nevada, as an insurance company writing homeowner's insurance
6    policies to owners of real property in Clark County.  Plaintiffs purchased such a policy of
7    homeowner's insurance from AAA that was assigned policy number HO52229721. At all
8    times relevant herein, employees, agents, servants, and/or representatives of AAA adjusted
9    certain of Plaintiffs' damages under claim numbers 1003-54-3246 and 1003-54-2999, among
10   potentially other claim numbers.

11 4. At all times relevant herein, DOE and ROE CORPORATION Defendants were doing business
12   in the State of Nevada, as insurance adjusters and/or design, consulting, distribution, supply,
13   assembly, installation, construction, remediation, and/or repair contractors and/or
14   subcontractors. Said Defendants held themselves out to the public at large to be INSURANCE
15   ADJUSTERES, contractors, skilled in the design, distribution, supply, assembly, installation,
16   construction, remediation, and/or repair of components for residential homes. At all times
17   relevant herein, and upon information and belief, one or more of said Defendants were (a)
18   subcontractor(s) of AAA. The true names or capacities, whether individual, corporate,
19   associate or otherwise, of said DOE and ROE CORPORATION Defendants are unknown to
20   Plaintiffs, who, therefore, sues said Defendants by such fictitious names. Plaintiffs are
21   informed and believe and thereon allege that each of the Defendants designated herein as
22   DOE or ROE CORPORATION is legally responsible in some manner for the events and
23   happenings referred to, including but not limited to water intrusion, water damage, mold
24   growth, and contamination in Plaintiffs' home, and legally and proximately caused injury and
25   damages thereby to Plaintiffs as herein alleged. Plaintiffs will seek leave of the Court to
26   amend this Complaint to insert the true names and capacities of said DOE and ROE
27   CORPORATION Defendants when the same have been ascertained, and to join such
28   Defendants in the action

COMPLAINT

*JUDD J. BALMER, ESQ., LTD.*
*A Nevada Professional Corporation*

JUDD I. BALMER, ESQ., LTD.
*A Nevada Professional Corporation*

5. At all times relevant herein, Defendants, and each of them, and/or their employees, agents, servants, or other representatives were performing activities and/or providing products or goods related to the insurance, design, construction, remediation, and/or repair of the aforesaid residential home at 3409 Singer Lane, North Las Vegas, Nevada, 89084-2322. Furthermore, Plaintiffs are informed and believe, and on that ground allege, that at all times mentioned herein, each of the Defendants was the agent of AAA and/or each other, and all acts alleged herein to have been committed by any one of them was committed on behalf of AAA. Accordingly, Plaintiffs allege that each Defendant is liable for its/his/her own actions and that of its/his/her employees, agents, and servants, and, as applicable, each Defendant is also vicariously liable for the negligent and otherwise tortious acts of each other Defendant. Plaintiffs further allege that each Defendant is jointly and severally liable for the injuries and damages suffered by Plaintiffs as set forth below.

6. This Court has jurisdiction in this matter because, among other things, this Complaint stems from property damages sustained by Plaintiffs in the State of Nevada. Venue is proper in Clark County, Nevada, because the property at 3409 Singer Lane, North Las Vegas, Nevada, 89084-2322, is located in Clark County, Nevada, which is also the residence and principal place of business for some or all of the Defendants.

## II.
## GENERAL ALLEGATIONS

7. On or about November 2, 2019, Plaintiffs discovered a sudden and accidental water overflow from a reverse osmosis system in their 3409 Singer Lane home. The sudden and accidental water overflow caused Plaintiffs' home to suffer loss and damage. Plaintiffs timely placed a claim with AAA for the covered water loss and resulting damage. AAA assigned to the covered Category 3 water loss and resulting damage Claim No. 1003-54-2999.

8. On or about November 2, 2019, Plaintiffs discovered a leak from a freezer that had opened and spilled liquid associated with the food thawing in their 3409 Singer Lane home. The sudden and accidental water loss caused Plaintiffs' home to suffer loss and damage. Plaintiffs

- 3 -

JUDD J. BALMER, ESQ., LTD.
A Nevada Professional Corporation

1    timely placed a claim with AAA for the covered water loss and resulting damage.   AAA

2    assigned to the covered Category 3 water loss and resulting damage Claim No. 1003-54-2999.

3    9. AAA wrongfully, knowingly, and unreasonably failed to undertake a proper investigation of

4    Plaintiffs' covered water loss claims and resulting damage.

5    10. AAA wrongfully, knowingly, and unreasonably failed to engage and/or consult with

6    appropriate experts to investigate Plaintiffs' covered water losses and resulting damage.

7    11. AAA wrongfully, knowingly, and unreasonably failed to engage appropriate contractors to

8    mitigate, remediate, and repair Plaintiffs' covered water losses and resulting damage.

9    12. AAA wrongfully, knowingly, and unreasonably failed to mitigate and/or dry-down the

10    covered water damage in Plaintiffs' home, leaving the Category 3 (dirty) water unmitigated,

11    causing the growth and proliferation of toxigenic mold contamination in Plaintiffs' home and

12    personal property contained therein and rendering the home uninhabitable.

13    13. AAA wrongfully, knowingly, and unreasonably left Plaintiffs to fend for themselves in the

14    remediation and restoration of their home.   AAA abandoned Plaintiffs, causing Plaintiffs to

15    suffer injury, loss, and damage.

16    14. Defendant AAA wrongfully, knowingly, and unreasonably failed to take proper or timely

17    action on the claims, causing Plaintiffs to suffer injury, loss, and damage.

18    15. AAA wrongfully, knowingly, and unreasonably failed to properly interpret the insurance

19    policies implicated by Plaintiffs' claims.

20    16. AAA wrongfully, knowingly, and unreasonably failed to extend coverage under the insurance

21    policies implicated by Plaintiffs' claims.

22    17. AAA wrongfully, knowingly, and unreasonably denied Plaintiffs' covered water loss and

23    resulting damage claims.

24    18. AAA wrongfully, knowingly, and unreasonably failed to properly adjust Plaintiffs' covered

25    water loss and resulting damage claims.

26    ...

27    ...

28    ...

- 4 -

COMPLAINT

JUDD J. BALMER, ESQ., LTD.
A Nevada Professional Corporation

### III.

### FIRST CLAIM FOR RELIEF

### (TORTIOUS BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (BAD FAITH)— Against Defendant AAA)

19. Plaintiffs reallege and incorporate herein each and every allegation set forth in Section I of this Complaint, as well as each and every allegation contained in every other Claim for Relief, as if set forth in full herein.

20. On November 2, 2019, and before, Plaintiffs had in force with AAA a valid contract of homeowner's insurance, policy number HO52229721, policy period 3/20/2019 to 3/20/2020, and Plaintiffs were current on their homeowner's insurance premiums with AAA.

21. As set forth herein, among other provisions of said insurance contract, and in exchange for insurance premiums pre-paid in advance by Plaintiffs, AAA agreed to insure Plaintiffs against loss due to water and resulting damage.

22. On or about November 2, 2019, Plaintiffs discovered a sudden and accidental plumbing leak in the kitchen of their 3409 Singer Lane home.  Plaintiffs timely and properly placed a claim with AAA for the water loss.  AAA accepted the claim and assigned the flood Claim No. 1003-54-2999.

23. On or about November 2, 2019, Plaintiffs discovered a sudden and accidental water loss in the office of their 3409 Singer Lane home.  Plaintiffs timely and properly placed a claim with AAA for the water loss.   AAA accepted the claim and assigned the flood Claim No. 1003-54-3246.

24. AAA breached the insurance contract, abandoned Plaintiffs, its insureds, and denied Plaintiffs' valid claims for the resulting covered damage to their home without any reasonable basis and with knowledge or awareness of the lack of any reasonable basis to deny coverage for the damage, in order to save AAA money on the claim in the pursuit of cost savings for AAA—all to the detriment of Plaintiffs and their property.

25. In the contract of insurance between Defendant AAA and Plaintiffs, there is implied a covenant of good faith and fair dealing.  By virtue of the fiduciary-like insurer/insured

- 5 -

COMPLAINT

JUDD J. BALMER, ESQ., LTD.
A Nevada Professional Corporation

1   special relationship that existed between AAA and Plaintiffs, which here is marked by

2   Plaintiffs' reasonable trust and confidence in, and reliance upon, AAA and further marked by

3   AAA's superior position to Plaintiffs in knowledge, resources, and power—particularly at the

4   time of Plaintiffs' property losses and related insurance claims needs and inferior bargaining

5   position—Nevada law recognizes AAA's breach of the implied covenant of good faith and

6   fair dealing to be tortious in nature, entitling Plaintiffs to recover from AAA tort damages.

7   26. By reason of the facts and circumstances set forth in this Complaint, AAA breached the

8   insurance contract with Plaintiffs, acted in bad faith on Plaintiffs' valid insurance claims,

9   violated the aforesaid implied covenant of good faith and fair dealing, by acting unreasonably

10   in denying and/or delaying Plaintiffs' claims with knowledge or awareness of the lack of any

11   reasonable basis to deny or delay coverage, or acted with reckless disregard as to the

12   unreasonableness of the denial or delay.  AAA's violation of the implied covenant of good

13   faith and fair dealing gives rise to a bad-faith tort claim.

14   27. Despite the provisions of said insurance policy, despite Plaintiffs' valid claims and repeated

15   demands, despite Plaintiffs' compliance with all policy terms and conditions, and despite

16   AAA's fiduciary-like duty to Plaintiffs, AAA has breached said implied covenant of good

17   faith and fair dealing, acting in bad faith.  AAA's denial of Plaintiffs' claims without any

18   reasonable basis and AAA's knowledge or awareness of the lack of any reasonable basis to

19   deny coverage and/or AAA's reckless disregard as to the unreasonableness of its denial are

20   demonstrated by the following conduct of AAA in handling Plaintiffs' valid insurance claims:

21   27.1.   AAA wrongfully, knowingly, and unreasonably failed and refused to take appropriate

22   immediate action on Plaintiffs' claims of water damage and, later, mold concerns,

23   despite the fact that the covered water loss set in motion a chain of events leading

24   directly to Plaintiffs' losses;

25   27.2.   AAA wrongfully, knowingly, and unreasonably denied and/or delayed without

26   reasonable condition payment of Plaintiffs' valid insurance claims, despite Plaintiffs'

27   repeated demands;

28

- 6 -

COMPLAINT

JUDD J. BALMER, ESQ., LTD.
A Nevada Professional Corporation

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

27.3.  AAA wrongfully, knowingly, and unreasonably refused, failed, and/or delayed to educate itself on water damage and its proper mitigation, the resulting growth of mold, and dangers of toxigenic molds and/or failed and/or delayed to consult with appropriately trained professionals so that AAA could deal promptly, fairly, and effectively with the water damage and the consequent mold contamination in Plaintiffs' home as well as properly determine coverage for the claims;

27.4.  AAA wrongfully, knowingly, and unreasonably delayed in properly investigating water loss and associated damage, including the toxic mold contamination, in Plaintiffs' home, and wrongfully, knowingly, and unreasonably delayed in procuring necessary environmental testing, wrongfully, knowingly, and unreasonably delayed in allowing and/or refused to agree to pay for Plaintiffs to relocate from their water damaged and, later, contaminated home to a suitable replacement home, and wrongfully, knowingly, and unreasonably delayed payment for real and personal property damaged as a result of the water loss and consequent toxic mold contamination, all despite Plaintiffs' repeated demands for payment;

27.5.  AAA wrongfully, knowingly, and unreasonably failed to appropriately repair and remediate Plaintiffs' home and to provide Plaintiffs with adequate payments under its insurance policy so that Plaintiffs would have the necessary resources to hire properly trained mitigation and remediation personnel to abate the water and consequent mold damage suffered by the home;

27.6.  AAA wrongfully, knowingly, and unreasonably failed to repair or replace Plaintiffs' property and home when the water loss and related claims were covered under the insurance policy and where AAA;

27.7.  AAA wrongfully, knowingly, and unreasonably engaged in a course of conduct designed to wrongfully deny coverage to Plaintiffs, despite Plaintiffs' valid claims and repeated demands for payment, in order to conceal from Plaintiffs and others Defendant's substantial delays and mistakes in AAA's mishandling of Plaintiffs' valid claims and covered water loss;

- 7 -

COMPLAINT

JUDD J. BALMER, ESQ., LTD.
A Nevada Professional Corporation

27.8.  AAA wrongfully, knowingly, and unreasonably withheld payments due Plaintiffs under the insurance policy and otherwise, all in an effort to put corporate profit above and in front of the needs and interests of Plaintiffs, its insureds, despite its fiduciary-like duty to Plaintiffs;

27.9.  AAA wrongfully, knowingly, and unreasonably engaged in unprofessional claims investigative procedures by, among other things, refusing to acknowledge that Plaintiffs' home remained damaged and had become, as a direct result, thoroughly contaminated;

27.10. AAA wrongfully, knowingly, and unreasonably concealed from Plaintiffs benefits, coverages, and other provisions of the insurance policy pertinent to Plaintiffs' claims and wrongfully, knowingly, and unreasonably failed to fully disclose all pertinent benefits, coverages, and other provisions of the subject insurance policy under which Plaintiffs' claim was presented;

27.11. AAA otherwise wrongfully, knowingly, and unreasonably engaged in unprofessional claims investigative and handling procedures, all at the expense of Plaintiffs and the unfair enrichment of AAA.

28.  In so doing, AAA breached said implied covenant of good faith and fair dealing, breached its fiduciary-like duties to Plaintiffs, and acted in bad faith, entitling Plaintiffs to recover from AAA damages in tort for injuries, real and personal property damages, and out-of-pocket expenses and other damages.

29.  As a direct and proximate result of AAA's unfair and bad faith practices relating to its handling of Plaintiffs' valid insurance claims relating to the covered water loss in their home, Plaintiffs have suffered and continue to suffer the injuries and damages set forth below.

30.  As a direct and proximate result of all the foregoing, Plaintiffs have been caused to suffer serious bodily injury, and great pain of mind and body, some or all of which may continue into the future, all to their general damage in excess of Fifteen Thousand Dollars ($15,000.00).

- 8 -

COMPLAINT

JUDD J. BALMER, ESQ., LTD.
A Nevada Professional Corporation

31. As a further direct and proximate result of all the foregoing, Plaintiffs have been caused, and/or may in the future be caused, to incur medical bills and expend sums of money for medical care and expenses incidental thereto, as well as other out-of- pocket expenses, all in amounts to be determined at the time of trial.

32. As a further direct and proximate result of all the foregoing, Plaintiffs have been caused, and will in the future be caused, to incur bills and expend sums of money to perform works of remediation, repair, restoration, and construction to the subject residence to prevent further damages and to restore the subject residence to its proper condition, as well as incur other out-of-pocket expenses, in an amount to be determined at the time of trial.

33. As a further direct and proximate result of all the foregoing, Plaintiffs were significantly exposed to hazardous substances having toxigenic, allergenic, and/or carcinogenic properties. As a direct and proximate result of such exposure, Plaintiffs suffered serious personal injuries, including emotional distress, and have a reasonable and significant risk of contracting and suffering from a serious latent disease, illness, and/or injury. Such increased risk makes periodic diagnostic medical examinations reasonably necessary. Monitoring and testing procedures exist which make the early detection and treatment of the latent diseases, injuries, and illnesses possible and beneficial, and such medical monitoring procedures should be implemented for the benefit of Plaintiffs. Plaintiffs will seek leave of Court to amend this Complaint to set out the exact amount of such additional damages when the same have been ascertained.

34. As a further direct and proximate result of all the foregoing, Plaintiffs have been caused to sustain a loss of income, past, present, and future, and/or impairment of earning capacity in an amount to be determined at the time of trial.

35. As a further direct and proximate result of all the foregoing, Plaintiffs have been caused to suffer injury to and/or loss of and/or diminished value to their real and personal property, as well as incur other related expenses in an amount to be determined at the time of trial. This injury includes Plaintiffs' duty to disclose the aforesaid defects, water damage, and resulting

- 9 -

COMPLAINT

1    mold contamination in the home, pursuant to NRS Chapter 113, in any future sale of the

2    home.

3   36. The above outrageous actions were done by AAA oppressively, fraudulently, and/or with

4       malice, expressed or implied, with a willful, wanton and/or conscious disregard for the safety

5       of others, and thereby Plaintiffs are entitled to punitive damages. In addition, punitive

6       damages should be awarded against AAA as its managerial agents authorized the dealing and

7       manner of said AAA's agents, employees, or servants aforementioned acts; and/or AAA's

8       agents, servants, or employees were not fit or properly trained for their designated

9       responsibilities relating to Plaintiffs; and/or AAA's agents, servants, or employees were

10      employed in a managerial capacity and were acting in the scope of employment at the time of

11      the aforementioned acts; and/or AAA and/or its managerial agents ratified or approved the

12      aforementioned acts of AAA's agents, servants, or employees.

13                                IV.

14               **SECOND CLAIM FOR RELIEF**

15    **(VIOLATIONS OF NEVADA REVISED STATUTE 686A.310 (UNFAIR CLAIMS**

16               **PRACTICES)— Against Defendant AAA)**

17   37. Plaintiffs reallege and incorporate herein each and every allegation set forth in Section I of

18       this Complaint, as well as each and every allegation contained in every other Claim for

19       Relief, as if set forth in full herein.

20   38. By reason of the facts set forth above herein, AAA has violated NRS 686A.310, to wit:

21     38.1. AAA has violated NRS 686A.310(a) by, among other things, misrepresenting to

22         Plaintiffs pertinent facts and insurance policy provisions relating to coverage for the

23         losses sustained by Plaintiffs caused by the water losses, as set forth herein;

24     38.2. AAA has violated NRS 686A.310(b) by, among other things, failing to acknowledge

25         and act reasonably promptly upon communications with respect to Plaintiffs' claims

26         arising under the AAA insurance policy. AAA unreasonably failed to ever tender

27         proper coverage or payment to Plaintiffs, in response to Plaintiffs' demands therefor;

28

JUDD J. BALMER, ESQ., LTD.
A Nevada Professional Corporation

COMPLAINT

38.3.  AAA has violated NRS 686A.310(c) by, among other things, failing to adopt and implement reasonable standards for the prompt investigation and processing of water damage and mold claims arising under AAA's insurance policy and adjustment of claims thereunder;

38.4.  AAA has violated NRS 686A.310(e) by, among other things, failing to effectuate prompt, fair and equitable settlements of claims in which liability of AAA has become reasonably clear, as set forth throughout this Complaint, including specifically in the Fourth Claim for Relief (Breach of Contract against AAA) and the First Claim for Relief (Tortious Breach of Implied Covenant of Good Faith and Fair Dealing against AAA);

38.5.  AAA has violated NRS 686A.310(f) by, among other things, compelling Plaintiffs to institute this litigation to recover amounts due Plaintiffs under her AAA insurance policy by, it is alleged upon information and belief, offering substantially less than the amounts ultimately recovered in actions brought by similarly situated insureds, when Plaintiffs have made claims for amounts reasonably similar to the amounts ultimately recovered by other similarly situated insureds;

38.6.  AAA has violated NRS 686A.310(l) by, among other things, failing to settle Plaintiffs' claims promptly, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage, all as demonstrated by the facts and circumstances set forth the Fourth Claim for Relief (Breach of Contract against AAA) and the First Claim for Relief (Tortious Breach of Implied Covenant of Good Faith and Fair Dealing against AAA);

38.7.  AAA has violated NRS 686A.310(n) by, among other things, failing to provide promptly to Plaintiffs a reasonable explanation of the basis in the AAA insurance policy, with respect to the facts of Plaintiffs' claims and the applicable law, for the denial of Plaintiffs' claims or for an offer to settle or compromise the claims, particularly as to Plaintiffs' claims as set forth in the Fourth Claim for Relief (Breach

- 11 -

JUDD J. BALMER, ESQ., LTD.
A Nevada Professional Corporation

JUDD J. BALMER, ESQ., LTD.
A Nevada Professional Corporation

of Contract against AAA) and the First Claim for Relief (Tortious Breach of Implied Covenant of Good Faith and Fair Dealing against AAA).

39. Pursuant to NRS 686A.310(2), AAA "is liable to its insured for any damages sustained by the insured as a result of the commission of any act set forth in subsection 1 as an unfair practice."

40. As a direct and proximate result of AAA's commission of the acts of unfair practice as set forth in Paragraphs 38 and 38.1 to 38.7, as well as the paragraphs and Claims for Relief cross-referenced therein, Plaintiffs have sustained the damages set forth below.

41. As a direct and proximate result of all the foregoing, Plaintiffs have been caused to suffer serious bodily injury, and great pain of mind and body, some or all of which may continue into the future, all to their general damage in excess of Fifteen Thousand Dollars ($15,000.00).

42. As a further direct and proximate result of all the foregoing, Plaintiffs have been caused, and/or may in the future be caused, to incur medical bills and expend sums of money for medical care and expenses incidental thereto, as well as other out-of- pocket expenses, all in amounts to be determined at the time of trial.

43. As a further direct and proximate result of all the foregoing, Plaintiffs have been caused, and will in the future be caused, to incur bills and expend sums of money to perform works of remediation, repair, restoration, and construction to the subject residence to prevent further damages and to restore the subject residence to its proper condition, as well as incur other out-of-pocket expenses, in an amount to be determined at the time of trial.

44. As a further direct and proximate result of all the foregoing, Plaintiffs were significantly exposed to hazardous substances having toxigenic, allergenic, and/or carcinogenic properties. As a direct and proximate result of such exposure, Plaintiffs suffered serious personal injuries, including emotional distress, and have a reasonable and significant risk of contracting and suffering from a serious latent disease, illness, and/or injury. Such increased risk makes periodic diagnostic medical examinations reasonably necessary. Monitoring and testing procedures exist which make the early detection and treatment of the latent diseases,

- 12 -

JUDD I. BALMER, ESQ., LTD.
*A Nevada Professional Corporation*

1    injuries, and illnesses possible and beneficial, and such medical monitoring procedures

2    should be implemented for the benefit of Plaintiffs. Plaintiffs will seek leave of Court to

3    amend this Complaint to set out the exact amount of such additional damages when the same

4    have been ascertained.

5  45. As a further direct and proximate result of all the foregoing, Plaintiffs have been caused to

6    sustain a loss of income, past, present, and future, and/or impairment of earning capacity in

7    an amount to be determined at the time of trial.

8  46. As a further direct and proximate result of all the foregoing, Plaintiffs have been caused to

9    suffer injury to and/or loss of and/or diminished value to their real and personal property, as

10   well as incur other related expenses in an amount to be determined at the time of trial. This

11   injury includes Plaintiffs' duty to disclose the aforesaid defects, water damage, and resulting

12   mold contamination in the home, pursuant to NRS Chapter 113, in any future sale of the

13   home.

14 47. The above outrageous actions were done by AAA oppressively, fraudulently, and/or with

15   malice, expressed or implied, with a willful, wanton and/or conscious disregard for the safety

16   of others, and thereby Plaintiffs are entitled to punitive damages. In addition, punitive

17   damages should be awarded against AAA as its managerial agents authorized the dealing and

18   manner of said AAA's agents, employees, or servants aforementioned acts; and/or AAA's

19   agents, servants, or employees were not fit or properly trained for their designated

20   responsibilities relating to Plaintiffs; and/or AAA's agents, servants, or employees were

21   employed in a managerial capacity and were acting in the scope of employment at the time of

22   the aforementioned acts; and/or AAA and/or its managerial agents ratified or approved the

23   aforementioned acts of AAA's agents, servants, or employees.

24   ...

25   ...

26   ...

27   ...

28   ...

- 13 -

COMPLAINT

JUDD J. BALMER, ESQ., LTD.
A Nevada Professional Corporation

**XV.**

**THIRD CLAIM FOR RELIEF**

**(CONTRACTUAL BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (BAD FAITH)— Against Defendant AAA)**

48. Plaintiffs reallege and incorporate herein each and every allegation set forth in Section I of this Complaint, as well as each and every allegation contained in every other Claim for Relief, as if set forth in full herein.

49. Pursuant to Nevada Rule of Civil Procedure 8(d), and *in the alternative to* Plaintiffs' Fourth Claim for Relief (Breach of Contract against AAA) and First Claim for Relief (Tortious Breach of Implied Covenant of Good Faith and Fair Dealing against AAA), Plaintiffs assert this claim for contractual breach of the implied covenant of good faith and fair dealing.

50. On November 2, 2019, and before, Plaintiffs had in force with AAA a valid contract of homeowner's insurance, policy number HO5002229721, policy period 30/20/2019 to 3/20/2020, and Plaintiffs were current on their homeowner's insurance premiums with AAA.

51. As set forth herein, among other provisions of said insurance contract, and in exchange for insurance premiums pre-paid in advance by Plaintiffs, AAA agreed to insure Plaintiffs against loss due to water and resulting damage.   Plaintiffs' reasonable and justified expectation under the insurance policy was that they would be made whole following a covered water loss and that their real and personal property would be promptly, properly, safely, and completely repaired and restored in the event of a covered water loss.

52. On or about November 2, 2019, Plaintiffs discovered a sudden and accidental plumbing leak in the kitchen of their 3409 Singer Lane home.  Plaintiffs timely and properly placed a claim with AAA for the water loss.  AAA accepted the claim and assigned the flood Claim No. 1003-54-2999.

53. On or about November 2, 2019, Plaintiffs discovered a sudden and accidental water loss in the office of their 3409 Singer Lane home.  Plaintiffs timely and properly placed a claim with AAA for the water loss.  AAA accepted the claim and assigned the flood Claim No. 1003-54-3246.

- 14 -

54. AAA denied Plaintiffs' claims for the resulting damage to their home and personal property, as well as other out-of-pocket expenses in order to save AAA money on the claim and in the pursuit of cost savings for AAA—all to the detriment of Plaintiffs and their property.

55. In the contract of insurance between Defendant AAA and Plaintiffs, there is implied a covenant of good faith and fair dealing. A fiduciary-like insurer/insured special relationship existed between insurer AAA and insured Plaintiffs, which here is marked by Plaintiffs' reasonable trust and confidence in, and reliance upon, AAA and further marked by AAA's superior position to Plaintiffs in knowledge, resources, and power—particularly at the time of Plaintiffs' property losses and related insurance claims needs and inferior bargaining position.

56. Assuming for purposes of this Claim for Relief only that Defendant AAA literally complied with the terms of its insurance contract with Plaintiffs, Defendant AAA, by its actions, has deliberately contravened the intention and spirit of the insurance contact. By AAA's refusal to cover and/or repair the damage caused to Plaintiffs' real and personal property, AAA frustrated Plaintiffs' reasonable and justified expectations and trust and confidence in their insurance company that their home would be properly and safely restored through AAA's claims adjustment and repair process, not that the covered damage would be made worse or their home destroyed. Therefore, even if AAA literally complied with the insurance contract, AAA's performance under the insurance contract—and the result of its performance—was unfaithful to the purpose of the insurance contract, deliberately contravened the intent and spirit of the insurance contract, frustrated Plaintiffs' reasonable and justified expectations under the insurance contract, was in bad faith, and violated the implied covenant of good faith and fair dealing.

57. As a direct and proximate result of AAA's contractual breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered and continue to suffer the injuries and damages set forth below.

58. As a direct and proximate result of all the foregoing, Plaintiffs have been caused to suffer serious bodily injury, and great pain of mind and body, some or all of which may continue

JUDD J. BALMER, ESQ., LTD.
A Nevada Professional Corporation

- 15 -

COMPLAINT

JUDD J. BALMER, ESQ., LTD.
A Nevada Professional Corporation

into the future, all to their general damage in excess of Fifteen Thousand Dollars ($15,000.00).

59. As a further direct and proximate result of all the foregoing, Plaintiffs have been caused, and/or may in the future be caused, to incur medical bills and expend sums of money for medical care and expenses incidental thereto, as well as other out-of- pocket expenses, all in amounts to be determined at the time of trial.

60. As a further direct and proximate result of all the foregoing, Plaintiffs have been caused, and will in the future be caused, to incur bills and expend sums of money to perform works of remediation, repair, restoration, and construction to the subject residence to prevent further damages and to restore the subject residence to its proper condition, as well as incur other out-of-pocket expenses, in an amount to be determined at the time of trial.

61. As a further direct and proximate result of all the foregoing, Plaintiffs were significantly exposed to hazardous substances having toxigenic, allergenic, and/or carcinogenic properties. As a direct and proximate result of such exposure, Plaintiffs suffered serious personal injuries, including emotional distress, and have a reasonable and significant risk of contracting and suffering from a serious latent disease, illness, and/or injury. Such increased risk makes periodic diagnostic medical examinations reasonably necessary. Monitoring and testing procedures exist which make the early detection and treatment of the latent diseases, injuries, and illnesses possible and beneficial, and such medical monitoring procedures should be implemented for the benefit of Plaintiffs. Plaintiffs will seek leave of Court to amend this Complaint to set out the exact amount of such additional damages when the same have been ascertained.

62. As a further direct and proximate result of all the foregoing, Plaintiffs have been caused to sustain a loss of income, past, present, and future, and/or impairment of earning capacity in an amount to be determined at the time of trial.

63. As a further direct and proximate result of all the foregoing, Plaintiffs have been caused to suffer injury to and/or loss of and/or diminished value to their real and personal property, as well as incur other related expenses in an amount to be determined at the time of trial. This

COMPLAINT

1    injury includes Plaintiffs' duty to disclose the aforesaid defects, water damage, and resulting

2    mold contamination in the home, pursuant to NRS Chapter 113, in any future sale of the

3    home.

4    64. The above outrageous actions were done by AAA oppressively, fraudulently, and/or with

5    malice, expressed or implied, with a willful, wanton and/or conscious disregard for the safety

6    of others, and thereby Plaintiffs are entitled to punitive damages. In addition, punitive

7    damages should be awarded against AAA as its managerial agents authorized the dealing and

8    manner of said AAA's agents, employees, or servants aforementioned acts; and/or AAA's

9    agents, servants, or employees were not fit or properly trained for their designated

10   responsibilities relating to Plaintiffs; and/or AAA's agents, servants, or employees were

11   employed in a managerial capacity and were acting in the scope of employment at the time of

12   the aforementioned acts; and/or AAA and/or its managerial agents ratified or approved the

13   aforementioned acts of AAA's agents, servants, or employees.

14

15                                              V.

16                           **FOURTH CLAIM FOR RELIEF**

17                     **(Breach of Contract– Against Defendant AAA)**

18   65. Plaintiffs reallege and incorporate herein each and every allegation set forth in Sections I, II,

19   III, and IV of this Complaint, as well as each and every allegation contained in every other

20   Claim for Relief, as if set forth in full herein.

21   66. On November 2, 2019, and before, Plaintiffs had in force with AAA a contract of insurance.

22   As set forth herein, among other provisions of said insurance contract, and in exchange for

23   insurance premiums pre-paid in advance by Plaintiffs, AAA agreed to insure Plaintiffs and

24   their property against loss due to water and resulting damage. However, despite the foregoing,

25   AAA, as set forth above, failed to adequately and without unreasonable delay and/or

26   unreasonable conditions perform this and other contractual and legal obligations constituting

27   breach of that insurance contract. At the time AAA so breached its insurance contract with

28   Plaintiffs, Plaintiffs had performed their obligations under the insurance contract.

JUDD J. BALMER, ESQ., LTD.
A Nevada Professional Corporation

- 17 -

67. As a direct and proximate result of AAA's breaches of the insurance contract with Plaintiffs relating to the water losses and resulting damages in the home, Plaintiffs have suffered and continue to suffer the injuries and damages set forth below.

68. As a direct and proximate result of all the foregoing, Plaintiffs have been caused to suffer serious bodily injury, and great pain of mind and body, some or all of which may continue into the future, all to their general damage in excess of Fifteen Thousand Dollars ($15,000.00).

69. As a direct and proximate result of each Defendant's breaches of the insurance contract with Plaintiffs as outlined above, Plaintiffs have incurred consequential damages in excess of Fifteen Thousand Dollars ($15,000.00) and incidental damages in excess of Fifteen Thousand Dollars ($15,000.00), all in addition to the injuries and damages set forth below.

70. As a direct and proximate result of all the foregoing, Plaintiffs have been caused, and/or may in the future be caused, to incur bills and expenses, as well as other out-of-pocket expenses, all in amounts to be determined at the time of trial.

71. As a further direct and proximate result of all the foregoing, Plaintiffs have been caused to sustain a loss of income, past, present, and/or future, and/or impairment of earning capacity in an amount to be determined at the time of trial.

72. As a direct and proximate result of all the foregoing, Plaintiffs have been caused, and will in the future be caused, to incur bills and expend sums of money to perform works of repair, restoration, and construction to the subject home to prevent further damages and to restore the subject home to its proper condition, as well as incur other out-of-pocket expenses, in an amount to be determined at the time of trial.

73. As a further direct and proximate result of all the foregoing, Plaintiffs were significantly exposed to hazardous substances having toxigenic, allergenic, and/or carcinogenic properties. As a direct and proximate result of such exposure, Plaintiffs suffered serious personal injuries, including emotional distress, and have a reasonable and significant risk of contracting and suffering from a serious latent disease, illness, and/or injury. Such increased risk makes periodic diagnostic medical examinations reasonably necessary. Monitoring and

- 18 -

COMPLAINT

JUDD J. BALMER, ESQ., LTD.
A Nevada Professional Corporation

testing procedures exist which make the early detection and treatment of the latent diseases, injuries, and illnesses possible and beneficial, and such medical monitoring procedures should be implemented for the benefit of Plaintiffs.   Plaintiffs will seek leave of Court to amend this Complaint to set out the exact amount of such additional damages when the same have been ascertained.

74. As a further direct and proximate result of all the foregoing, Plaintiffs have been caused to suffer injury to and/or loss of and/or diminished value to their real and personal property, as well as incur other related expenses in an amount to be determined at the time of trial. This injury includes Plaintiffs' duty to disclose the aforesaid defects and related damage in the home, pursuant to NRS Chapter 113, in any future sale of the home.

75. Plaintiffs are entitled to recover their actual damages.

76. Plaintiffs are entitled to recover their attorney's fees and costs incurred in securing said Defendant's performance under the terms of the insurance contract.

WHEREFORE, Plaintiffs, expressly reserving the right to amend this Complaint at the time of trial of this action herein to include all items of damage not yet ascertained, demands judgment against Defendants, and each of them, as jointly and severally liable tortfeasors, as follows:

1.      General damages in excess of Fifteen Thousand Dollars ($15,000.00);

2.      Special damages according to proof;

3.      Punitive and exemplary damages in excess of Fifteen Thousand Dollars ($15,000.00);

4.      Consequential damages in excess of Fifteen Thousand Dollars ($15,000.00);

5.      Incidental damages in excess of Fifteen Thousand Dollars ($15,000.00);

6.      Attorney's fees;

7.      Costs of suit; and

...

...

8.      For such other and further relief as this Court may deem just and proper in the premises.

- 19 -

COMPLAINT

DATED this 27th day of February, 2020.

JUDD J. BALMER, ESQ., LTD.
*A Nevada Professional Corporation*

/s/ Judd J. Balmer

By:_____
JUDD J. BALMER, ESQ.
Nevada Bar No. 006212
2625 N. Green Valley Parkway, Suite 225
Henderson, Nevada 89014
T: (702) 642-4200
F: (702) 642-4300
E: jbalmer@balmerlawfirm.com
*Attorneys for Plaintiff*

- 20 -

COMMPLAINT

Electronically Filed
4/17/2020 12:02 PM
Steven D. Grierson
CLERK OF THE COURT

1  AOS
**JUDD J. BALMER, ESQ.**
2  NEVADA BAR NO. 006212
**JUDD J. BALMER, ESQ., LTD.**
3  *A Nevada Professional Corporation*
2625 N. Green Valley Parkway, Suite 225
4  Henderson, Nevada 89014
T: (702) 642-4200
5  F: (702) 642-4300
E: jbalmer@balmerlawfirm.com
6  *Attorneys for Plaintiffs*

7                    **DISTRICT COURT**
8                 **CLARK COUNTY, NEVADA**

9  LEOPOLDO BARILLAS and RUFINA
BARILLAS,                                Case No.: A-20-811271-C
10
11              Plaintiff,              Dept. No.: X
           vs.
12
CSAA FIRE & CASUALTY INSURANCE
13  COMPANY, an Indiana corporation, d/b/a     **AFFIDAVIT OF SERVICE**
AAA INSURANCE; DOES 1-100, inclusive,
14  and ROE CORPORATIONS 1-100, inclusive,

15              Defendants.

16   ...
17   ...
18   ...
19   ...
20   ...
21   ...
22   ...
23   ...
24   ...
25   ...
26   ...
27   ...
28   ...

                            - 1 -

# AFFIDAVIT OF SERVICE

Job # 9066

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | **District Court** |
| LEOPOLDO BARILLAS and RUFINA BARILLAS, | Court Division: Dept. No.: X |
| -versus- | County of Clark, Nevada |
| **DEFENDANT:** | |
| CSAA FIRE & CASUALTY INSURANCE COMPANY, an Indiana corporation, d/b/a AAA INSURANCE; DOES 1-100, inclusive, and ROE CORPORATIONS 1-100, inclusive, | Issuance Date: 4/9/2020 Court Case # A-20-811271-C |

**Service Info:**

Date Received: 4/9/2020 at 10:13 AM
Service: I Served CSAA FIRE & CASUALTY INSURANCE COMPANY, an Indiana corporation, d/b/a AAA INSURANCE
With: SUMMONS; COMPLAINT
by leaving with kristine Ludel, ADMINISTRATIVE ASSISTANT

At Business DIVISION OF INSURANCE, 1818 E COLLEGE PKWY, STE. 103, CARSON CITY, NV 89706

Latitude: 39.190668
Longitude: -119.746727

On 4/16/2020 at 10:45 AM
Manner of Service: GOVERNMENT SERVICE
Government Service was performed by delivering a true copy of this process, with the date and hour of service endorsed thereon by me, and a copy of the complaint, petition, or other initial pleading or paper to kristine Ludel as ADMINISTRATIVE ASSISTANT of the within named to wit: CSAA FIRE & CASUALTY INSURANCE COMPANY, an Indiana corporation, d/b/a AAA INSURANCE

I Jon Salisbury , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server: _____
Jon Salisbury
Jon Salisbury, lic # 2100C
LV Process and Investigations, LLC
License #2039
10829 Whipple Crest Ave.
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # 9066

SUBSCRIBED AND SWORN to before me this 16 day of April , 2020 by Jon Salisbury
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
NOTARY PUBLIC for the state of Nevada



SANDRA GUIDRY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-08-23
Certificate No: 15-3221-2



1 of 1

Electronically Filed
4/29/2020 12:01 PM
Steven D. Grierson
CLERK OF THE COURT

1   POS
    **JUDD J. BALMER, ESQ.**
2   NEVADA BAR NO. 006212
    **JUDD J. BALMER, ESQ., LTD.**
3   *A Nevada Professional Corporation*
    2625 N. Green Valley Parkway, Suite 225
4   Henderson, Nevada 89014
    T: (702) 642-4200
5   F: (702) 642-4300
    E: jbalmer@balmerlawfirm.com
6   *Attorneys for Plaintiffs*

7                          **DISTRICT COURT**
8                      **CLARK COUNTY, NEVADA**

9   LEOPOLDO BARILLAS and RUFINA
    BARILLAS,
10                                          Case No.: A-20-811271-C
11              Plaintiff,
        vs.                                 Dept. No.: X
12
    CSAA FIRE & CASUALTY INSURANCE
13  COMPANY, an Indiana corporation, d/b/a      **PROOF OF SERVICE**
    AAA INSURANCE; DOES 1-100, inclusive,
14  and ROE CORPORATIONS 1-100, inclusive,

15              Defendants.

16
17  ...
18  ...
19  ...
20  ...
21  ...
22  ...
23  ...
24  ...
25  ...
26  ...
27  ...
28  ...

*JUDD J. BALMER, ESQ., LTD.*
*A Nevada Professional Corporation*

- 1 -

1

## PROOF OF SERVICE

2      I hereby declare that on this day I served a copy of the Summons and Complaint upon

3  the following defendant in the within matter, by shipping a copy thereof, via Certified mail,

4  return receipt requested, to the following:

5           CSAA Fire & Casualty Insurance Company
            c/o The Corporation Trust Company of Nevada
6           701 S. Carson St., Ste. 200
            Carson City, NV 89701-5239
7           CERTIFIED MAIL NO. 7019 1120 0000 7069 8449

8      I declare, under penalty of perjury, that the foregoing is true and correct.

9      DATED this 23rd day of April 2020.

10

11

12                                            /s/ Susan Bell
                                              Employee of the State of Nevada
13                                            Department of Business and Industry
                                              Division of Insurance
14

15  RE:    Barillas vs. CSAA Fire & Casualty Insurance Company
            District Court, Clark County, Nevada
16          Case No. A-20-811271-C

17                        State of Nevada, Division of Insurance
                          The document on which this certificate
18                        is stamped is a full, true and correct
                          copy of the original

19                        Date: 4/23/20  By: S. Bell

20

21

22

23

24

25

26

27

28

                                       -1-